**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| BISHOP RUBEN DEWAYNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.P. MORGAN MORTGAGE ) <br> ACQUISITION CORP., and ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 3:19-cv-03376-JMC <br><br> **ORDER AND OPINION** |

Plaintiff Bishop Ruben DeWayne filed this *pro se* action seeking to prevent a foreclosure action in Massachusetts. This matter was referred to the United States Magistrate Judge for pre-trial handling in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.). On January 3, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss this action with prejudice. (ECF No. 17.) This review considers Plaintiff's Objections to the Report ("Objections"), filed January 10, 2020. (ECF No. 20.) For the reasons set forth herein, this court **ACCEPTS** the Magistrate Judge's Report and thereby **DISMISSES** the action with prejudice.

      **I.**      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 17.) The court recites only the facts which are relevant to the analysis of Plaintiff's Objections.

1

Plaintiff's initial Complaint asserts Defendants commenced a foreclosure action against him and he was facing foreclosure on December 9, 2019. (ECF No. 1.) On November 1, 2019, Plaintiff filed a lawsuit against Defendants and moved for a temporary restraining order in the Massachusetts Land Court, Suffolk County, which Defendants removed to the United States District Court for the District of Massachusetts on November 15, 2019. *DeWayne v. JP Morgan Mortgage Acquisition Corporation*, C/A No. 1:19-cv-12360-RGS (D. Mass.). Plaintiff, as a South Carolina resident, filed a motion to change venue to this court, and that motion was denied in the District of Massachusetts on December 3, 2019. *Id.* at ECF No. 11. That same day, Plaintiff filed suit in this court seeking the same relief he seeks in the action pending in the District of Massachusetts, including a temporary restraining order, and asking this court to order the change of venue that was denied in the District of Massachusetts. (ECF No. 1 at 5.)

In the Motion for Temporary Restraining Order, Plaintiff asked the court to prohibit the Defendants from foreclosing on real property in Dorchester, Massachusetts. (ECF No. 4 at 2.) The Magistrate Judge issued an Order and Report and Recommendation on December 6, 2019, recommending that Plaintiff's Motion for Temporary Restraining Order be denied because he failed to show a likelihood of success on the merits. (ECF No. 9.)

## II.     LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Because Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff's Objections generally describe the Magistrate Judge's Report as "clearly erroneous and contrary to the law," without providing substantive support for these assertions. (ECF 20 at 1.)  Moreover, Plaintiff's vague Objections do not respond to the Magistrate Judge's determination that Plaintiff's action should be dismissed as a duplicate claim.  In fact, Plaintiff does not make any specific reference to the Report at all.  Thus, Plaintiff has not met the specificity requirement per the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b).  Accordingly, the

court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315.  The court does not find clear error and accepts the Report by the Magistrate Judge.

### III.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge and finds the Report provides an accurate summary of the facts and law and does not contain clear error.  (ECF No. 17.)  It is therefore ordered that Plaintiff's Complaint is **DISMISSED** with prejudice.  As a result of this dismissal, both the December 6, 2019 Report and Recommendation (ECF No. 9) and Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) are deemed **MOOT**.

**IT IS SO ORDERED.**

June 2, 2020
Columbia, South Carolina                                    United States District Judge

4