# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Bishop Ruben DeWayne, ) | |
| ) | Civil Action No.: 3:19-cv-03376-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| J.P. Morgan Mortgage Acquisition Corp. ) | |
| and Mortgage Electronic Registration ) | |
| Systems, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Bishop Ruben DeWayne ("Plaintiff") filed this *pro se* action against Defendants J.P. Morgan Mortgage Acquisition Corp. and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"), seeking to prevent a foreclosure action. (*See* ECF No. 1.) On June 2, 2020, the court entered an Order and Opinion ("June Order") dismissing Plaintiff's Complaint with prejudice. (ECF No. 25.)

This matter is before the court on Plaintiff's Motion for Reconsideration of the June Order pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 28.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 28).

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff filed his initial Complaint in the Massachusetts Land Court, Suffolk County on November 1, 2019, asserting that he was facing foreclosure on December 9, 2019 and moving for a temporary restraining order against Defendants. (ECF No. 1 at 5.) On November 15, 2019, Defendants removed the case to the United States District Court for the District of Massachusetts. (*DeWayne v. JP Morgan Mortgage Acquisition Corporation*, C/A No. 1:19-cv-12360-RGS (D. Mass.), ECF No. 1.) Plaintiff filed a Motion to Change Venue on December 2, 2019 which was

1

denied. (*Id.*, ECF No. 6, 11.) Plaintiff then filed suit in this court, seeking a temporary restraining order and a change of venue. (ECF No. 1 at 5.)

On December 6, 2019, the Magistrate Judge issued an Order and Report and Recommendation recommending that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) be denied because he failed to show a likelihood of success on the merits. (ECF No. 9.) The Magistrate Judge issued another Report and Recommendation on January 3, 2020 recommending that Plaintiff's case be summarily dismissed because it is duplicative of an action already pending in the District of Massachusetts. (ECF No. 17.) On June 2, 2020, this court accepted the Magistrate Judge's Report and Recommendation and dismissed the case with prejudice. (ECF No. 25.) Plaintiff then filed the instant Motion for Reconsideration on June 24, 2020. (ECF No. 28.)

## II.    LEGAL STANDARD

Rule 59(e) allows a party to seek an alteration or amendment of a previous order of the court. Under the rule, a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the discretion of the district court. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). To preserve finality and conserve judicial resources, Rule 59(e)

motions should be granted sparingly. *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994).

### III.     ANALYSIS

In his Motion for Reconsideration, Plaintiff challenges the court's neutrality and alleges judicial misconduct. (ECF No. 28 at 2-5.) He also argues that the Magistrate Judge and this court failed to review the facts of the case and erred in construing the case as an action to prevent foreclosure rather than an action to "try title." (*Id.* at 2 ¶ 2, 3 ¶ 4, 4 ¶ 6.)

The court dismissed Plaintiff's case because it is duplicative of an action already pending in another court. (ECF No. 25 at 3.) However, Plaintiff's Motion for Reconsideration does not respond to the Magistrate Judge's determination that the action should be dismissed as a duplicate claim or provide substantive support for his assertions of misconduct. Plaintiff's Motion for Reconsideration does not cite to relevant additional authorities, introduce new facts, or provide any other evidence to support his claim that the court mistakenly dismissed his Complaint. (*See* ECF No. 28.) It contains nothing more than conclusory allegations of unfairness. (*See, e.g.*, *id.* at 2 ¶ 3) ("For the Court to accept the Magistrate's recommendation to dismiss with prejudice demonstrates the Plaintiff have [sic] NO right, NO opportunity and NO access to the U.S. Court for redress of grievances.").

A party's mere displeasure with a court's ruling does not warrant a motion for reconsideration. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("mere disagreement does not support a Rule 59(e) motion"). Since Plaintiff has not provided substantive support for his Motion for Reconsideration, the court's conclusion remains unchanged. Accordingly, the court denies Plaintiff's Motion for Reconsideration.

### IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Plaintiff's Motion for

Reconsideration (ECF No. 28).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 7, 2020
Columbia, South Carolina